UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL R., JR.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-00167-JPH-DML |
| | ) |
| ANDREW M. SAUL Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff, Michael R., seeks judicial review of the Social Security Administration's decision denying his petition for Disability Insurance Benefits and Supplemental Security Income. Because the ALJ failed to adequately analyze whether Plaintiff met one of the Listing impairments, the decision is **REVERSED AND REMANDED** for further proceedings.

**I.
Facts and Background**

Plaintiff was 46 years old at the alleged onset date of his disability. Dkt. 7 at 4–5. He has a high school education and worked as a sales representative, quality inspector, and store/warehouse laborer. Dkt. 5-2 at 38–47. Since 2015, Plaintiff alleged problems with back, neck, and foot pain; asthma; carpal tunnel syndrome; and other ailments. *See* dkt. 5-7 at 25–28; dkt. 5-8 at 15.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in November 2016 with an alleged onset date of August 2016. Dkt 5-2 at 17.  The initial claim was denied on January 23, 2017.  *Id.* Administrative Law Judge ("ALJ") Latanya White Richards held a hearing in October 2018 and denied Plaintiff's claim on December 31, 2018.  *Id.* at 17, 25–26.  The Appeals Council denied review in November 2019.  *Id.* at 2. Plaintiff brought this action asking the Court to review the denial of benefits under 42 U.S.C. § 405(g) on January 16, 2020.  Dkt. 1.

In her decision, the ALJ followed the five-step sequential evaluation in 20 C.F.R. § 404.1520(a)(4) and concluded that Plaintiff was not disabled.  Dkt. 5-2 at 17–26.  Specifically, the ALJ found that:

- At Step One, Plaintiff had not engaged in substantial gainful activity since the alleged onset date, August 29, 2016.  *Id.* at 20.

- At Step Two, Plaintiff had severe impairments of "disorders of the lumbar spine; obesity, asthma, and carpal tunnel syndrome."  *Id.*

- At Step Three, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  *Id.*

- Between Step Three and Step Four, Plaintiff had the Residual Functional Capacity ("RFC") "to perform a range of sedentary work . . . reduced by the following limitations and restrictions: no climbing ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally stoop, kneel, crawl, and crouch; avoid exposure to unprotected heights, and hazardous machinery and must avoid balancing on narrow, slippery, or moving surfaces; frequently finger and handle; requires clean-air environment with no temperature extremes; low levels of humidity and pulmonary irritants such as fumes, odors, dusts, and gases, such as that found in an office environment; and requires the option to alternate between sitting and standing every 15 minutes."  *Id.*

- At Step Four, Plaintiff was unable to perform "any past relevant work" as a sales representative, furniture retail clerk, and quality inspector. *Id.* at 24.

- At Step Five, considering Plaintiff's "age, education, work experience, and residual functional capacity, there are jobs in significant numbers in the national economy" that he could have performed. *Id.*

## II.
## Applicable Law

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). When an applicant seeks judicial review of a benefits denial, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), evaluating in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). After step three, but before step four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those

3

that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). The ALJ uses the RFC at step four to determine whether the claimant can perform her own past relevant work and, if not, at step five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(e), (g).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the benefit denial. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard or is not supported by substantial evidence, a remand for further proceedings is typically appropriate. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).

### III.
### Analysis

Plaintiff argues that the ALJ erred at Step Three by failing to analyze whether Plaintiff's spinal impairments meet or medically equal Listing 1.04 (Disorders of the Spine). Dkt. 7 at 14–21. Listing 1.04 requires a disorder of the spine with "compromise of the nerve root" and one of the following: (1) evidence of nerve root compression characterized by one of the specified symptoms; (2) spinal arachnoiditis, confirmed by a specified medical report; or (3) lumbar spinal stenosis resulting in pseudoclaudication.[2] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.04.

"In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than perfunctory analysis of the listing." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th

---

[2] "Pseudoclaudication" is defined as symptoms of pain and weakness that may impair ambulation. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 1.04.

4

Cir. 2015). Here, at Step Three, the ALJ identified Listing 1.04 but did not include any analysis—only a conclusion that the medical evidence did not show disability:

> The undersigned has reviewed the listed criteria for the medically determinable impairments including 1.04 for disorders of the spine and 1.02 for disorders of major joints. The [medical evidence] does not meet the criteria for disability under these impairments or any other impairment listed in Appendix 1.

Dkt. 5-2 at 20. The ALJ therefore erred by failing to include "more than perfunctory analysis" of Plaintiff's back pain. *Minnick*, 775 F.3d at 935 ("This is the very type of perfunctory analysis we have repeatedly found inadequate to dismiss an impairment as not meeting or equaling a Listing.").

The Commissioner, however, argues that the ALJ's error was harmless because she would have reached the same result had she analyzed Listing 1.04 as required. Dkt. 9 at 6. An error is harmless only when the Court is "convinced that the ALJ will reach the same result." *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). Harmless error review is not "an exercise in rationalizing the ALJ's decision," but is "prospective—can [the Court] say with great confidence what the ALJ would do on remand." *Id.*

The Commissioner contends that the error was harmless because Dr. Brill and Dr. Sands—reviewing state-agency physicians—submitted "Disability Determination and Transmittal" forms finding that Plaintiff did not meet or equal any Listings. Dkt. 9 at 6; dkt. 5-3. But as the ALJ acknowledged in her opinion, "[n]ew and material evidence" submitted after those forms were

5

completed "suggest[ ] greater limitations affecting claimant that were not considered by" those physicians. Dkt. 5-2 at 23; *see Lambert v. Berryhill*, 896 F.3d 768, 776 (7th Cir. 2018) ("ALJs may not rely on outdated opinions of agency consultants if later evidence . . . reasonably could have changed the reviewing physician's opinion."). That evidence showed that Plaintiff "gained significant weight" and had increased difficulty "climbing stairs or walking farther than a quarter block." Dkt. 5-2 at 23. The ALJ also noted the updated medical assessment from an examining physician that Plaintiff "was probably 'not a good candidate for work placement.'" *Id.* at 24.

Considering that evidence, the Court cannot say with "great confidence" that the ALJ would have agreed with the state-agency physicians. *McKinzey*, 641 F.3d at 892. Indeed, when the ALJ considered those physicians' opinions for a different purpose—Plaintiff's RFC at Step 4—she gave them only "partial weight" because the new evidence suggested greater limitations. Dkt. 5-2 at 23. And the new evidence and assessment were directly relevant to Listing 1.04 because they all involve back pain, range of motion, and limitations on walking. *See Plessinger v. Berryhill*, 900 F.3d 909, 917 (7th Cir. 2018); *Kastner v. Astrue*, 697 F.3d 642, 647–49 (7th Cir. 2012).[3]

---

[3] The Court does not address the parties' arguments about whether the ALJ should have obtained updated opinions from state-agency physicians. Dkt. 7 at 17; dkt. 9 at 7. For this harmless-error analysis, the question is only whether the Court is "convinced" that the result would have been the same if the ALJ had considered all of the evidence, including the evidence provided after the agency physicians provided their opinions. *See Lambert*, 896 F.3d at 776.

The Commissioner briefly addresses that new evidence but argues only that it would not allow Plaintiff to *meet* Listing 1.04—he does not address whether it would allow Plaintiff to *equal* Listing 1.04. Dkt. 9 at 8–9. If Plaintiff equals the Listing at Step Three, he would be presumptively eligible for benefits, *Minnick*, 775 F.3d at 935, but the ALJ did not consider that possibility, and the Commissioner does not address it now, dkt. 9 at 8–9. The evidence is therefore not so clear that "[i]t would serve no purpose to remand . . . for a statement of the obvious." *McKinzey*, 641 F.3d at 892. Instead, the "substantial evidence" about Plaintiff's back pain, "degenerative changes" to his spine, limited range of motion, and difficulty walking, dkt. 5-11 at 41–42, 50, "will need a fresh look on remand." *Plessinger*, 900 F.3d at 917.

Moreover, the Commissioner points to no case finding harmless error when such a widespread review of complex medical records is required. *See* dkt. 9 at 8–9. Finding harmless error in this situation—the Seventh Circuit has explained—risks upsetting the balance between agency decisionmaking and judicial review. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (Allowing "a persuasive brief" to substitute for an ALJ's "missing opinion" "would displace the responsibility that Congress has delegated to the Social Security Administration—the responsibility not merely to gesture thumbs up or thumbs down but to articulate reasoned grounds of decision based on legislative policy and administrative regulation."). Instead, the proper path is to remand so that the ALJ can consider all relevant medical evidence. *See Thomas v. Colvin*, 826 F.3d 953, 959 (7th Cir. 2016) (it "invokes an overly

broad conception of harmless error" to find harmlessness "without any analysis from the ALJ" when there is voluminous medical evidence to consider).

In short, the Commissioner has shown—at most—that the ALJ "*might* have reached the same result had she considered all the evidence and evaluated it as the government's brief does." *Spiva*, 628 F.3d at 353. But the ALJ also "might well have reached a different conclusion" after considering the evidence, including new and material evidence provided after the state-agency doctors completed their opinions. *Id.*; *see Lambert*, 896 F.3d at 776 ("Here the outcome is not foreordained; at the very least, the ALJ formulated an RFC without including Dr. Paul's most recent opinions."). That's especially true here because both parties discuss large amounts of medical evidence that the ALJ never considered in the Listing 1.04 context. *See* dkt. 7 at 16–17; dkt. 9 at 8–9.

The ALJ's error at Step Three thus was not harmless, and this case must be reversed and remanded for further consideration.[4]

## IV.
## Conclusion

The Court **REVERSES AND REMANDS** the ALJ's decision denying the Plaintiff benefits. Final judgment will issue by separate entry.

**SO ORDERED.**

---

[4] Because Plaintiff's Listing argument requires remand, the Court does not address his other arguments.

Date: 6/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Alison T. Schwartz
SOCIAL SECURITY ADMINISTRATION
alison.schwartz@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Kirsten Elaine Wold
HANKEY LAW OFFICE
kew@hankeylaw.com